**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4629-17T2

M.H.-S.,

     Plaintiff-Appellant,

v.

S.S.,

     Defendant-Respondent.

_____

Argued January 29, 2019 – Decided March 14, 2019

Before Judges Yannotti, Rothstadt, and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0197-03.

Andrew M. Shaw argued the cause for appellant (DeTommaso Law Group, LLC, attorneys; Andrew M. Shaw, on the briefs).

Jennifer A. Vorhies argued the cause for respondent (Florio, Perrucci, Steinhardt & Cappelli, LLC, attorneys; Jennifer A. Vorhies, of counsel and on the brief; Nishali A. Rose, on the brief).

PER CURIAM

This appeal arises out of a post-divorce dispute concerning custody and child support. Plaintiff, the mother, appeals from a June 1, 2018 order, which provided that (1) the parties would continue to share joint legal custody of their son, who was almost seventeen years old when the order was entered; (2) defendant, the father, was designated the parent of primary residential custody; (3) plaintiff would enjoy parenting time as arranged by her and her son; (4) defendant's child support obligations were terminated effective April 17, 2018, and plaintiff was to reimburse defendant for any overpayment; and (5) defendant was responsible for certain expenses of the son. While not set forth in the order, in an accompanying written opinion, the Family Part judge also denied both parties' requests for attorneys' fees. Discerning no abuse of discretion, we affirm.[1]

I.

The parties were married in 1993, and they have one child—a son who was born in June 2001. Accordingly, the son is currently seventeen years old and he will turn eighteen in June 2019.

The parties were divorced in 2003. At that time, they resolved their differences through a property settlement agreement (PSA). Under the PSA, the

---

[1] We use initials to protect the parties' interests. See R. 1:38-3(d).

parties agreed to share joint legal custody of their son, plaintiff was designated as the parent of primary residential custody, and defendant enjoyed parenting time with his son every other weekend and one night per week.

Defendant agreed to pay plaintiff $300 per week in child support. That child support obligation was based on the parties' income levels at the time, with defendant's income of approximately $250,000 annually and plaintiff's imputed income of $25,000 annually. The PSA also states that the parties agreed to review and adjust child support every two years beginning in November 2004. The parties further agreed that they would mediate any dispute before seeking the intervention of a court.

In October 2016, plaintiff filed a motion to increase child support. Plaintiff contended that child support had not been recalculated since the 2003 divorce, when plaintiff was still receiving $75,000 in alimony annually. According to plaintiff, defendant did not react well to the motion and he sent a series of angry text messages threatening to cut off all communications with his son. Eventually, the parties went to mediation in April 2017, and agreed to modify child support. Under the mediated agreement, defendant was to pay plaintiff $50,000 per year in child support and an additional $50,000 as a resolution of all back payments.

In October 2017, the son, who was then sixteen years old, moved to defendant's residence. Plaintiff did not initially object to the move and she maintains that the move was to be on a trial basis to see if the son liked living with his father.

In January 2018, defendant contacted plaintiff and requested to terminate child support because he felt that the son's change in residence had become permanent. The parties attended mediation, but they were unable to reach an agreement concerning residential custody and child support.

On April 16, 2018, defendant filed a motion seeking (1) to be named as the parent of primary residential custody; and (2) terminating his child support obligation to plaintiff. Alternatively, defendant sought a reduction in his child support, reimbursement for any overpayment of child support, and attorney's fees. He requested oral argument on his motion.

Plaintiff opposed that motion and filed a cross-motion seeking (1) to have the son return to plaintiff's home as his primary residence; (2) alternatively, requesting a plenary hearing to address custody, parenting time, and child support; (3) to require the parties to engage in co-parenting therapy; (4) to permit plaintiff to enroll the son in counseling; (5) to permit plaintiff to add the son to her health care coverage plan; (6) to have the handwritten mediation agreement

dated April 20, 2017 converted into a typed consent order; (7) to require defendant to share proportionately in the cost for the son's college visits; (8) to require defendant to share in the cost of a college advisor; (9) to require defendant to provide proof of life insurance; and (10) to award her attorney's fees and costs. Plaintiff requested oral argument on the motion and her cross-motion.

On June 1, 2018, the family court entered an order on the motion and cross-motion without hearing oral argument. In the order, the court (1) directed the parties to continue to share joint legal custody of the son; (2) designated defendant as the parent of primary residential custody; (3) terminated defendant's child support obligation effective April 17, 2018; (4) required plaintiff to reimburse defendant for any overpayment of support since April 17, 2018; and (5) directed defendant to be responsible for a number of the son's expenses, including college visits. The order also provided that "all previous orders shall continue in full force and effect except to the extent modified by this Order."

The court issued an accompanying written opinion explaining the reasons for its rulings. In its opinion, the court pointed out: "While the parties may have originally not known how long the new [custody] arrangement would last,

5

after several months of [the son] living with [defendant] with no intention of returning to [plaintiff's] home, the arrangements ceased to be temporary, but instead became the current custody agreement between the parties." The court went on to reason that plaintiff had to show changed circumstances to modify the custody arrangement and the court found that she had failed to carry that burden. The court also pointed out that that the son would be seventeen years of age in "a matter of days," and family courts "often allow a child of that age and maturity to decide where he would like to reside."

## II.

On appeal, plaintiff argues that the family court erred by: (1) denying the parties' requests for oral argument; (2) requiring her to show changed circumstances to modify the child custody arrangement; (3) deferring to the son's preferences to reside with defendant; (4) failing to conduct a plenary hearing on the parties' motions; (5) denying her application to have the son enrolled in therapy; (6) failing to render decisions on certain issues; (7) terminating child support; and (8) denying her request for attorney's fees and costs.

Custody and child support orders "may be revised and altered by the court from time to time," N.J.S.A. 2A:34-23, on "a showing of 'changed

A-4629-17T2

circumstances.'" Lepis v. Lepis, 83 N.J. 139, 146 (1980). See also R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (explaining that the Lepis change-of-circumstances analysis applies to a motion for a change in custody). Custody arrangements focus on the best interests of the child. N.J.S.A. 9:2-4(c), (d). See also R.K., 437 N.J. Super. at 62 ("[A] motion for a change in custody . . . will be governed initially by a changed circumstances inquiry and ultimately by a simple best interests analysis." (second alteration in original) (quoting Baures v. Lewis, 167 N.J. 91, 116 (2001))). Assessments of changed circumstances concerning child support involve consideration of the parties' current situations compared "with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

Our scope of review of a Family Part decision is limited. Determinations concerning custody and child support are within the discretion of the Family Part judge. See Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001) (citing Pascale v. Pascale, 140 N.J. 583, 594 (1995)); Randazzo v. Randazzo, 184 N.J. 101, 113 (2005) (quoting N.J.S.A. 2A:34-23); Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007). "We accord 'great deference to discretionary decisions of Family Part judges[.]'" G.M. v. C.V., 453 N.J. Super.

7

1, 11 (App. Div. 2018) (quoting Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012)). Accordingly, we generally defer to factual findings made by family courts when such findings are "supported by adequate, substantial, credible evidence." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015)); Gnall v. Gnall, 222 N.J. 414, 428 (2015). In contrast, "trial judge[s'] legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 586 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Applying these standards to the arguments made by plaintiff, we discern no abuse of discretion warranting a reversal of the June 1, 2018 order. Rule 5:5-4(a) states that the Family Part should "ordinarily" grant oral argument on substantive motions. Nevertheless, in this case, the judge acted within her discretion in not entertaining oral argument because there was not a material fact dispute concerning where the son had lived since October 2017. See Palombi v. Palombi, 414 N.J. Super. 274, 285-86 (App. Div. 2010) (explaining Family Part judges retain discretion to deny oral argument on substantive issues where no material fact dispute exists between the parties).

A-4629-17T2

While the parties each made contrasting contentions concerning how the other party treated the son, there was no dispute that the son had voluntarily decided to live with his father. Indeed, plaintiff did not object to that change of arrangements until defendant sought to terminate child support. By that point in time, the son had been living with the father for several months. Specifically, the son had lived with the father for nearly seven months before the mother filed her cross-motion seeking to have him return to her home.

As already noted, the parent seeking to change a custody arrangement usually bears the burden of proving a change of circumstance. There is, however, "no brightline rule by which to measure when a changed circumstance has endured long enough to warrant a modification . . . . Instead, such matters turn on the discretionary determinations of Family Part judges, based upon their experience as applied to all the relevant circumstances presented[.]" Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). Having reviewed the record here, we are satisfied that the Family Part judge did not abuse her discretion in determining that the son had made a voluntary decision to live on a permanent basis with his father.

We also discern no abuse of discretion in the judge's decision not to conduct a plenary hearing, not to interview the young man, and in considering

9

the young man's preferences. The judge's written opinion demonstrates that she did not simply defer to the son's preference to reside with his father. Instead, she considered the undisputed facts that the son had gone to live with the father for several months without objection by the mother. In that regard, the judge appropriately noted that the young man was almost seventeen years of age. Significantly, there is nothing in the record to suggest that the change in residence was not in the best interests of the son.

Once the court made the decision to recognize the change in circumstances resulting from the son living with the father, there was no abuse of discretion in terminating child support. The son was no longer living with the mother and, accordingly, she was no longer incurring child support obligations.

We also discern no abuse of discretion in the Family Part judge's decision to deny attorneys' fees to both parties. In her written opinion, the judge cited to and analyzed the governing rule and statute. See R. 5:3-5(c); N.J.S.A. 2A:34-23. The court then found that a fee award was not warranted given the financial circumstances of the parties and the fact that neither party acted in bad faith.

Finally, we find no reversible error in the judge's failure to address all of the forms of relief requested by plaintiff in her cross-motion. As plaintiff concedes, the judge expressly addressed all of the requested relief in her written

10

opinion with one exception. That exception is plaintiff's request that the parties engage in co-parenting therapy. Nonetheless, the opinion acknowledged plaintiff's request for that relief and found plaintiff had not explained "why therapy is needed" or what "therapy would address." While those findings arose in the court's discussion of plaintiff's request to enroll the son in individual therapy, those findings also apply to plaintiff's request for co-parenting therapy. Moreover, the order addressed certain specific requests and stated that "all previous orders shall continue in full force and effect except to the extent modified by this Order." Accordingly, the order can be read to dispose of all plaintiff's requests for relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4629-17T2